IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 16-CR-283 |
| ) | |
| JUAN TORRES-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The United States and JUAN TORRES-HERNANDEZ ("the defendant"), agree that had this matter proceeded to trial, the United States would have proven beyond a reasonable doubt with admissible and credible evidence that the defendant did knowingly transport an individual who has not attained the age of 18 years in interstate commerce, with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, specifically, sexual intercourse between an adult and a child, in violation of Virginia Code, Section 18.2-371, in violation of 18 U.S.C. § 2423(a).

The United States and the defendant further agree that the following facts are true and correct and would have been established at trial beyond a reasonable doubt through credible and admissible evidence:

1. On or around December 2015, the defendant, using a computer from his residence in Triangle, Virginia, within the Eastern District of Virginia, created an account on Facebook, a social media site, under the fictitious name "Daniel Gomez." The defendant used photographs of an unknown individual, which he obtained from the internet, as the profile picture for the "Daniel Gomez" account.

2. On or about January 10, 2016, the defendant contacted Minor Victim #1 through the Daniel Gomez Facebook account. The defendant asked Minor Victim #1's age and she told him she was 15. The defendant falsely told Minor Victim #1 that he was 19. At no point did the defendant disclose his true identity or age to Minor Victim #1. The defendant immediately began enticing Minor Victim #1 to meet in person. When she replied that "My parents ain't gonna let me chill with a 20 year old," the defendant told her to lie to her parents and "tell them you with another friend."

3. On or about January 12, 2016, the defendant began asking Minor Victim #1 to have sex with him and to send him nude photographs of herself. After Minor Victim #1 sent a photograph in which she was topless, the defendant requested photographs showing Minor Victim #1's entire body, stating things such as "But I want to see all your body and I want to see how tight you are."

4. Over the next several days the defendant continued to discuss Minor Victim #1 meeting in person to have sex. When she eventually agreed, the defendant explained that he would have his friend "Carlos" pick her up because the defendant did not have a car. "Carlos" was also a fictitious name and was given in order to explain why the person picking up Minor Victim #1 would not match the photograph on the "Daniel Gomez" Facebook account.

5. On or about January 15, 2016, the defendant drove to a location in Maryland near Minor Victim #1's home and picked her up, pretending to be "Carlos." The defendant then drove her back to his residence in Triangle, Virginia, with the intent to engage in sexual activity in violation of Virginia Code, Section 18.2-371. Once in his residence, the defendant engaged in unlawful sexual intercourse with her, and eventually drove her back to a location near her home in Maryland on January 17, 2016.

6. The statement of facts includes those facts necessary to support the defendant's guilty plea. It does not include each and every fact known to the defendant or to the government and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant, as recounted above, were in all respects knowing, voluntary, and intentional, and were not committed by mistake, accident or other innocent reason.

Date: ~~December~~ January 4, 201~~5~~7.

Dana J. Boente
United States Attorney

By: _____
Kellen S. Dwyer
Assistant United States Attorney

**Defendant's Signature:** After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: January 3, 2017      *Juan Torres Hernandez*
                           Juan Torres-Hernandez
                           Defendant


**Defense Counsel Signature:** I am Juan Torres-Hernandez's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: January 3, 2017      _____
                           Kevin R. Brehm
                           Counsel for the Defendant